UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NANCY NIETER,

     Plaintiff,

v.                             Case No.:  2:24-cv-949-SPC-KCD

HOLIDAY CVS, L.L.C. d/b/a CVS
Pharmacy #5187,

     Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant Holiday CVS, L.L.C.'s supplement to its notice of removal. (Doc. 10). The Court ordered Defendant to properly allege the parties' citizenship and establish the amount in controversy. (Doc. 3). But Defendant still misses the mark. So the Court remands.

In its notice of removal, Defendant alleged "Plaintiff [Nancy Nieter] completed a Civil Cover Sheet in which she stated that the estimated value of the claim was over $100,000.00, which demonstrates that the amount in controversy exceeds the amount necessary to invoke the jurisdiction of the District Court." (Doc. 1 ¶ 6). Defendant provided no other support for its allegation that the amount in controversy exceeds $75,000.

In its order, the Court explained that "the civil cover sheet is not a verified pleading or material evidence on the amount in controversy. *See*

*Unwin v. Hartford Ins. Co. of the Midwest*, No. 2:21-CV-135-SPC-NPM, 2021 WL 1821415, at *3 (M.D. Fla. Apr. 9, 2021).  And "[t]ypically, presuit demand letters alone are not enough to establish amount in controversy." *Gagnon v. Petsmart, Inc.*, No. 220CV676FTM38MRM, 2020 WL 13356800, at *1 (M.D. Fla. Sept. 2, 2020)."  (Doc. 3).  Thus, the Court directed Defendant to show cause why this action should not be remanded for lack of subject-matter jurisdiction.

In its supplement, Defendant doubles down.  It again asserts that "[o]n the civil covert [*sic*] sheet filed in state court, the Plaintiff indicated the estimated value of this claim exceeds $100,000."  (Doc. 10 at 6).  In support of this déjà vu, Defendant cites the civil cover sheet from state court.  On the civil cover sheet, Plaintiff checked a box indicating she estimates her claim to be "over $100,000." (Doc. 1-8 at 1).  But the document warns that "[t]he estimated amount of the claim is requested for data collection and clerical purposes only. The amount of the claim shall not be used for any other purpose." (*Id.*).  And elsewhere the document states: "The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law." (*Id.*).

Despite Defendant's persistence, the amount in controversy still must exceed $75,000.  And, as advertised, the civil cover sheet is not a verified pleading or material evidence on the amount in controversy.  *See*, 2021 WL

1821415, at *3 (finding a state court civil cover sheet was not enough to prevent remand); *Bell v. Ace Ins. Co. of the Midwest*, No. 2:20-cv-309-JLB-NPM, 2020 WL 7396934, at *3 (M.D. Fla. Dec. 17, 2020) ("To give the state civil cover sheet a substantive effect for purposes of the removal statute . . . would contravene the Supreme Court of Florida's own rule prohibiting the use of information in the cover sheet for any purpose other than the State's collection of data."). Defendant still offers no other proof.

The Court put Defendant on notice of the deficiencies in its notice of removal and gave it a chance to fix them.  The Court need not address the portion of Defendant's supplement concerning the parties' citizenship because Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Without this, the Court lacks jurisdiction and must remand.

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit in and for Collier County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit in and for Collier County, Florida.

3. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on October 31, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record